Joseph A. **BRUNETTO,** Plaintiff,

v.

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,** Defendant.

**No. 99CIV.11905(RMB) (THK).**

United States District Court, S.D. New York.

May 9, 2002.

Lance Lazzaro, Lazzaro & Gregory, P.C., Brooklyn, NY, for plaintiff.

Michael Yoeli, Yoeli & Gottlieb LLP, New York City, for defendant.

**ORDER**

BERMAN, District Judge.

**I. Background**

Plaintiff Joseph A. Brunetto ("Plaintiff" or "Brunetto") holds two disability insur-

ance policies issued to him on January 23, 1995 and August 1, 1995, respectively, by Defendant Massachusetts Mutual Life Insurance Company ("Defendant" or "Mass-Mutual") (collectively, the "Policies"). Plaintiff filed the instant breach of contract action on December 9, 1999 and an amended complaint on February 18, 2000 ("Amended Complaint") seeking damages from Defendant.[1] Plaintiff contends, *inter alia*, that under the Policies, MassMutual should (but has not) adjust the "Monthly Income Payments" to reflect cost of living increases. Pl's. Mem. at 10–13.[2]

On or about May 22, 2001, Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 56(a). On or about June 22, 2001, Defendant opposed Plaintiff's motion and, on or about July 5, 2001, Plaintiff submitted a reply memorandum.

On March 26, 2002, United States Magistrate Judge Theodore H. Katz, to whom the matter had been referred, issued a report ("Report") recommending that (1) Plaintiff's motion for summary judgment be denied and (2) that the action be dismissed with prejudice because the Report resolves the sole remaining issue in the case. Report at 20. Magistrate Katz advised and notified the parties of the procedures for objecting to the Report, stating that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this

---

1. The Policies, except where otherwise noted, are identical in all respects relevant here. *See* Plaintiff's Memorandum of Law in Support of Summary Judgment, dated May 22, 2001 ("Pl's.Mem."), Ex. A, Policies. Policy terms used in this Order, e.g. "Monthly Income," are defined in the Policies.

2. In the Amended Complaint, Plaintiff alleged, among other things, that Defendant

was not paying him at all under the Policies. Amended Complaint at 3–4. During the course of the litigation, that issue, and others, were resolved by the parties. *See* letter to the Court from Plaintiff's counsel, Lance Lazzaro, dated May 23, 2001. The instant motion deals with the sole remaining issue relating to cost of living increases.

Report to file written objections.... Failure to file objections will result in a waiver of those objections for purposes of appeal." *Id.* at 21. On April 5, 2002, Plaintiff objected to the Report ("Pl's.Objections") and on April 24, 2002, Defendant opposed Plaintiff's objections.

**For the reasons set forth below, the Court adopts the Report in its entirety; denies Plaintiff's motion for summary judgment, and dismisses the case.**

## II. Standard of Review

■ A district court evaluating a Magistrate's report may adopt those portions of the report to which no "specific, written objection" is made, as long as those sections are not clearly erroneous. Fed. R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). Where, as here, timely objections are made to a Magistrate's report, the District Judge must make a *de novo* determination as to the objections raised. *Cespedes v. Coughlin,* 956 F.Supp. 454, 463 (S.D.N.Y.1997). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate. *See DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

## III. Analysis

The facts set forth in the Report are incorporated herein by reference.

The Court has conducted a *de novo* review of the record herein, the Report, as well as appropriate legal authorities. Magistrate Katz was correct that there are no genuine issues of material fact, i.e. the Policies' terms are unambiguous and, pursuant to the Policies, Plaintiff is not entitled to payments in an amount greater than "Monthly Income," as defined in the Policies. Report at 7 ("Nothing ... suggests that the monthly income is subject to upward adjustments."); Report at 15 ("Thus, while Plaintiff is correct that 'the policies explicitly state the amount of increases in the monthly average that Mr. Brunetto is entitled to' (Pl's. Mem. at 11), Plaintiff is incorrect that this automatically translates into higher monthly benefit payments.").

In his Objections, Plaintiff contends, among other things, that: (1) "the Court in this matter has misconstrued the terms and conditions of the policies and ... has interpreted these policies in a view that no lay person could be expected to grasp or understand" (Pl's. Objections at 1) and (2) "[h]ad Judge Katz found the policies' terms ambiguous, then the plaintiff's affidavit[, among other things,] would be extremely relevant in determining the expectations of the parties at the time the contract was executed." *Id.* at 2.

■ Plaintiff's contentions are not persuasive. "[A]n insurance policy, like any contract, must be construed to effectuate the intent of the parties as derived from the plain meaning of the policy's terms." *Andy Warhol Foundation for the Visual Arts, Inc. v. Fed. Ins. Co.,* 189 F.3d 208, 215 (2d Cir.1999) (citations omitted). "If the language of the insurance contract is unambiguous, we apply its terms." *Id.* "When a court decides, after examination of the contractual language, that an insurance policy is ambiguous, it looks outside the policy to extrinsic evidence, if any, to ascertain the intent of the parties." *Id.* Where, as here, "the parties' intent is unambiguously conveyed by the plain meaning of the agreements, then interpretation is a matter of law." *Crane Co. v. Coltec Indus.,* 171 F.3d 733, 737 (2d Cir.1999).

The Magistrate used the appropriate legal analysis in determining that the Policies are unambiguous. *See Seiden Assocs.*

*v. ANC Holdings*, 959 F.2d 425, 428 (2d Cir.1992) (An insurance policy is ambiguous if it is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement.") (quotation marks omitted); *see, e.g.*, Report at 5–6, 17 ("An ordinary person can be expected to understand that the statement '[Monthly Income] *may* also *depend* on changes in the Consumer Price Index' does not mean that the monthly income must depend, always depends, or necessarily depends in any way on changes in the Consumer Price Index.") (emphasis in original) (quoting Policies at 1).

 In addition, the Magistrate correctly found, among other things, that the (unambiguous) Policies provide that:

(i) The "Monthly Income" under the policy issued January 23, 1995 is $8,000.00 and under the policy issued August 1, 1995 is $2,000.00. Report at 6 (citing Policies' Schedule Pages);

(ii) Under the Policies, the "Monthly Average" is used in determining "Loss of Earned Income." The "Monthly Average" is equal to the Insured's "Earned Income" for certain periods before the Insured was disabled. *Id.* at 7–8 (*see* Policies at 3). The "Monthly Average" "may be adjusted for changes in the Consumer Price Index." *Id.* (quoting Policies at 3);

(iii) "Loss of Earned Income" is the amount of the "Monthly Average the Insured is prevented from earning because of that disability." *Id.* at 11 (quoting Policies at 3). Therefore, "Loss of Earned Income" can never be greater than "Monthly Average." *Id.* at 13;

(iv) "The amount of each monthly income payment payable ... will be a percent of the Monthly Income for this policy ... [and] is computed by dividing the Loss of Earned Income by the Monthly Average." *Id.* at 12 (quoting Policies at 6). This definition can be expressed in a formula:

Monthly Income Payment = (Loss of Earned Income ÷ Monthly Average) × Monthly Income.

*Id.* at 13. Dividing "Loss of Earned Income" by "Monthly Average" will always result in an amount less than or equal to 1 because "Loss of Earned Income" will always be less than or equal to "Monthly Average." *Id.*;

(v) Since the "Loss of Earned Income" can never be greater than "Monthly Average," the "Monthly Income Payment" can never be greater than the "Monthly Income." *Id.* at 12–13.

Having found that the Policies are unambiguous, the Court need not "look[ ] outside the polic[ies]" to extrinsic evidence. *Andy Warhol Foundation*, 189 F.3d at 215.

Because the Report and this Order resolve the sole remaining issue in this case, the action is dismissed with prejudice. *See* Report at 20 ("Although Defendant has not cross-moved for summary judgment, I nevertheless recommend that the action be dismissed, as the legal question raised by Plaintiff's motion constitutes the sole remaining issue in the case.").

## IV. Order

The Court adopts Magistrate Katz's Report [20] in all material respects and incorporates it herein by reference. For the reasons stated therein and herein, Plaintiff's motion for summary judgment is denied [14] and the action is dismissed with prejudice. The Clerk is respectfully requested to close this case.